By the Court:
Lena Overhiser was named in the policy as the beneficiary, and the words “wife of George P. Overhiser” -were descriptive only. The policy defines in express terms the only condition upon which it should be payable to the administrator of George P. Overhiser, viz.: that Lena should not be living at the time of his death. It contains no terms indicating that ber right to the fruits of the policy is conditioned upon her remaining his wife.
The policy was executed to him, and the presumption is that it was upon his application. But if the insurance was effected by her, she had at the time an insurable interest in his life and the contract would not become void by the termination of the marital relation before his death. The conclusion of the courts below is in accordance with settled principles. Connecticut Mutual Life Insurance Co. v. Schaefer, 94 U. S., 457; Central Bank of Washington v. Hume, 128 U. S., 195.

Judgment affirmed.